# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| MELISSA NOBLE,<br><br>    Plaintiff,<br><br>v.<br><br>ANGEL HEART HOSPICE AND PALLIATIVE CARE LLC and DWELVER WEBB,<br><br>    Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Melissa Noble ("Plaintiff") brings this action against Defendants Angel Heart Hospice and Palliative Care LLC ("Angel Heart") and Dwelver Webb (collectively with Angel Heart, "Defendants"). Plaintiff shows the Court as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff first alleges that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") by (1) failing to pay her overtime wages at a rate of one-and-one-half her regular rate of pay for all hours worked in excess of forty (40) per week, and (2) by failing to pay her the minimum wage mandated by the FLSA by not paying Plaintiff anything at all for work

1

performed from approximately March 20, 2022, until on or about May 5, 2022. Plaintiff seeks all unpaid overtime and minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs on her FLSA claims.

2. Plaintiff also brings five (5) claims under Georgia law against Angel Heart. First, Plaintiff asserts a claim for breach of contract arising from Angel Heart's failure to provide her with pay beginning on March 20, 2022, in violation of the employment agreement between Plaintiff and Angel Heart. In the alternative, Plaintiff asserts claims for *quantum meruit*, promissory estoppel, and unjust enrichment. Finally, Plaintiff asserts a claim for her expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

4. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's state-law claims because such claims relate to Plaintiff's employment with Defendants and Defendants' compensation practices, and so are related to Plaintiff's minimum-wage FLSA claim, that they form part of the same case or controversy.

5.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1 because a substantial part of the events and omissions giving rise to this Complaint occurred within the Atlanta Division of the Northern District of Georgia, where Angel Heart has its principal office and where Defendants employed Plaintiff throughout the relevant time period.

## PARTIES

6.      Plaintiff was employed by Defendants as a Patient Care Coordinator from approximately September 2021 until May 2022.  Plaintiff stopped working for Defendants on or about May 5, 2022, as a result of Defendants failure to pay her any wages since approximately March 20, 2022.

7.      Plaintiff was Defendants' "employee" within the meaning of the FLSA at all times relevant to this Complaint.

8.      Defendant Angel Heart is a Georgia limited-liability company that is licensed to conduct business in Georgia and transacts business within the Northern District of Georgia.  Angel Heart may be served with process via its registered agent, Dwelver Nikki Webb, at 3706 Manhattan Drive, Decatur, Georgia 30034.

9.      Defendant Angel Heart was Plaintiff's "employer" under the FLSA at all times relevant to this Complaint.

10. At all relevant times, Angel Heart has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and, upon information and belief, had gross annual revenues in excess of $500,000.00 at all relevant times.

11. Defendant Webb is the owner of Angel Heart and conducts business in the Northern District of Georgia.

12. At all relevant times, Defendant Webb was Plaintiff's "employer" within the meaning of the FLSA because Ms. Webb: asserted control of Angel Heart's day-to-day operations; had ultimate responsibility for the supervision of Plaintiff; and made the decision not to pay Plaintiff overtime and minimum wages, as required by the FLSA.

13. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

## STATEMENT OF FACTS

14. Angel Heart is in the business of providing hospice and palliative care for patients with long-term illnesses or who need end-of-life care.

15. From approximately September 2021 to until on or about May 5, 2022, Defendants employed Plaintiff as a Patient Care Coordinator. Throughout her employment with Defendants, Defendants classified Plaintiff as a W-2 employee.

16. As Patient Care Coordinator, Plaintiff's primary duties included, *inter alia*: managing patients' medications; facilitating communications concerning patient updates; and managing employee and patient schedules. Plaintiff also personally cared for patients on occasion, as required by Angel Heart's business needs.

17. Throughout the relevant time period, Defendants paid Plaintiff a set hourly rate for all time worked, including for all time worked in excess of 40 hours per week. Plaintiff's last hourly rate was $18.00.

18. Throughout the relevant time period, Plaintiff worked substantial hours in excess of 40 per week.

19. Specifically, Plaintiff worked approximately one (1) to two (2) hours of overtime each week throughout the relevant time period, for which Defendants did not pay her overtime at a rate of one-and-one-half her regular rate of pay. Instead, Defendants paid Plaintiff straight time for all hours worked.

20. In addition, Defendants repeatedly required Plaintiff to remain on-call for week-long periods when Defendant Webb left town.

21. During those weeks when Plaintiff was on-call, Defendants did not pay Plaintiff her regular rate for all time worked performing on-call work. Instead, Defendants paid Plaintiff an additional $200 per week, which was intended to compensate Plaintiff for all time worked performing on-call work during a given week, regardless of the number of hours Plaintiff worked per day or per week performing on-call work.

22. Plaintiff would remain on-call for approximately one (1) to two (2) weeks at a time. As examples, Plaintiff was required to remain on-call for approximately two (2) weeks around Thanksgiving of 2021, and again for approximately one (1) week around Christmas of 2021. Plaintiff was also required to remain on-call during at least two (2) weeks in 2022.

23. When Plaintiff was on-call, she was required to take phone calls after normal business hours on behalf of Defendant Webb and Angel Heart, in addition to her normal duties as Patient Care Coordinator. Plaintiff would begin her on-call duties at approximately 5 PM, continuing overnight.

24. Plaintiff regularly received three (3) to four (4) phone calls from Angel Heart's patients, or the family members of those patients, each night that she was on-call. Each phone call lasted approximately ten (10) to (30) minutes, though some calls would be as long as one (1) hour.

25. After Plaintiff finished with a patient phone call, she would have to respond to the various requests or needs conveyed during that phone call. This usually involved coordinating with Defendant Webb, pharmacists, and/or medical-supply providers in order to meet the patients' needs, which efforts typically took approximately one (1) hour per patient phone call.

26. Plaintiff estimates that she worked approximately four (4) to (6) hours per night that she was on call. As a result, Plaintiff estimates that she worked a total of approximately sixty-one (61) to seventy-two (72) hours per week that she was on-call.

27. Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week because Defendants had actual knowledge of Plaintiff's work hours, as Defendants used those hours to determine what Plaintiff was to be paid. During those weeks when Plaintiff was on-call, she was also required to log phone calls in an on-call log.

28. Additionally, Defendants had actual knowledge of Plaintiff's hours worked via their communications with, and supervision of, Plaintiff. These communications included, without limitation, in-person conversations and frequent phone contact through the workday and those nights when Plaintiff was on-call.

29. Defendants did not compensate Plaintiff for all time worked in excess of 40 per week at the rate required by the FLSA, which is one-and-one-half her regular rate of pay.

30. Defendants' failure to pay Plaintiff one-and-one-half her regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice of minimizing labor costs by violating the FLSA.

31. On April 5, 2022, Defendants failed to provide Plaintiff her paycheck for the prior pay period. Defendants typically paid Plaintiff and Defendants' other employees on the 5th and 20th of each month.

32. Defendant Webb told Plaintiff that Defendants would pay Plaintiff the full amount of her unpaid wages, and Plaintiff continued to fully perform her duties as Patient Care Coordinator in reliance on Defendant Webb's assurances.

33. On April 20, 2022, and May 5, 2022, Defendants again failed to pay Plaintiff any compensation for the work that she had performed. Accordingly, Plaintiff stopped reporting for work on or about May 5, 2022.

34. Plaintiff last received compensation for her work for Defendants on March 20, 2022.

35. By failing to pay Plaintiff anything from April 5, 2022, to present for the work Plaintiff performed from approximately March 20, 2022, through on or

about May 5, 2022, Defendants failed to pay Plaintiff the minimum wage mandated by the FLSA for all hours Plaintiff worked between March 20, 2022, through on or about May 5, 2022.

36. Defendants' FLSA violations were willful and not in good faith.

37. Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense.

## COUNT I
### Willful Failure Pay Overtime Wages in Violation of the FLSA
**(Asserted against both Defendants)**

38. Defendants violated the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half her regular rate of pay for all time worked in excess of 40 per week.

39. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

40. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41. On information and belief, Defendants have had gross revenues in excess of $500,000.00 at all times relevant to this Complaint.

42. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

43. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

44. Throughout the relevant time period, Plaintiff regularly worked substantial hours in excess of 40 hours per week.

45. Specifically, during those weeks when Plaintiff was not on-call, she worked approximately 41 to 42 hours per week. However, Defendants did not pay Plaintiff for any hours worked in excess of 40 per week.

46. In addition, during those weeks when Defendants required Plaintiff to remain on-call, she worked approximately 61 to 72 hours per week.

47. During those weeks when Plaintiff was on-call, Defendants did not pay Plaintiff her regular rate for all time worked performing on-call work. Instead, Defendants paid Plaintiff an additional $200 per week, which was intended to compensate Plaintiff for all time worked performing on-call work during a given week, regardless of the number of hours Plaintiff worked per day or per week performing on-call work.

48. As a result of Defendants' willful failure to compensate Plaintiff at a rate of one-and-one-half her regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

50. Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

51. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants (a) all unpaid overtime wages during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

## COUNT II
### Willful Failure Pay Minimum Wages in Violation of the FLSA
**(Asserted against both Defendants)**

52. Defendants violated the FLSA by failing to pay Plaintiff the minimum wage of $7.25 per hour required by the FLSA for all hours worked.

53. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

54. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206.

11

55. On information and belief, Defendants have had gross revenues in excess of $500,000.00 at all times relevant to this Complaint.

56. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

57. The minimum-wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

58. Defendants failed to pay Plaintiff any wages for work performed from March 20, 2022, through on or about May 5, 2022.

59. As a consequence of Defendants' failure to pay Plaintiff any wages from March 20, 2022, through on or about May 5, 2022, Defendants failed to pay Plaintiff the minimum wage of $7.25 per hour for all hours worked, in violation of the FLSA.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61. Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

62. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants (a) all unpaid minimum wages during the relevant time

period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

## COUNT III
### Breach of Contract—Failure to Pay Wages
### (Asserted by Plaintiff against Angel Heart)

63. During those weeks when Plaintiff was not on-call, Angel Heart agreed to pay Plaintiff a set hourly rate for services rendered, forming an employment contract with Plaintiff.

64. The employment contract imposed a duty of good faith and fair dealing upon Angel Heart.

65. At all relevant times, Plaintiff fully performed her contractual obligations.

66. Angel Heart promised Plaintiff her agreed-upon compensation in exchange for which Plaintiff accepted her positions with Angel Heart and performed valuable services for Angel Heart.

67. Plaintiff relied upon Angel Heart's compensation promises in accepting her position with Angel Heart and performing valuable services for Angel Heart.

68. In breach of her employment contract, Angel Heart failed to pay Plaintiff wages to which she is entitled for work performed for Angel Heart between March 20, 2022, and on or about May 5, 2022.

69. Angel Heart is liable to Plaintiff for breach of contract in the full amount of the wages due to her, interest, and attorneys' fees and costs.

### COUNT IV (PLED IN THE ALTERNATIVE)
### Quantum Meruit
### (Asserted by Plaintiff against Angel Heart)

70. In the alternative, Angel Heart is liable to Plaintiff for *quantum meruit* in the full amount of compensation owed to her, plus interest and attorneys' fees and costs.

71. In reliance on the representation by Angel Heart that she would be paid all compensation owed and promised, Plaintiff accepted her position with Angel Heart and performed valuable services for Angel Heart.

72. The services Plaintiff performed for Angel Heart were done at the request of Angel Heart, which knowingly accepted such services.

73. Angel Heart's acceptance of Plaintiff's services without payment to her of the wages promised would be unjust.

74. At the time that Plaintiff performed services for Angel Heart, she expected to be paid all compensation owed and promised.

75. At the time that Plaintiff performed services for Angel Heart, Angel Heart knew that she expected Angel Heart to pay her all wages owed and promised.

76. Angel Heart is liable to Plaintiff for *quantum meruit* in the full amount owed, interest, and attorneys' fees and costs.

## COUNT V (PLED IN THE ALTERNATIVE)
### Promissory Estoppel
### (Asserted by Plaintiff against Angel Heart)

77. In the alternative, Angel Heart is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed, plus interest and attorneys' fees and costs.

78. Angel Heart promised Plaintiff that Angel Heart would compensate her for services that she provided by paying her the agreed-upon compensation.

79. Angel Heart should have reasonably expected Plaintiff to rely on its promise to pay her the full wages that she was owed and promised.

80. In reliance on the representation by Angel Heart that she would be paid the full compensation owed and promised, Plaintiff accepted her position with Angel Heart and performed valuable services for Angel Heart.

81. Plaintiff relied on Angel Heart's promise to her detriment by performing valuable services for Angel Heart instead of pursuing other opportunities.

82. Injustice can only be avoided by enforcing Angel Heart's promise to pay Plaintiff the full amount of wages owed and promised to her.

83. Angel Heart is liable to Plaintiff for promissory estoppel pursuant to O.C.G.A. § 13-3-44 in the full amount owed and promised, interest, and attorneys' fees and costs.

### COUNT VI (PLED IN THE ALTERNATIVE)
### Unjust Enrichment
### (Asserted by Plaintiff against Angel Heart)

84. In the alternative, Angel Heart is liable to Plaintiff for unjust enrichment in the amount of the full wages owed, plus interest and attorneys' fees and costs.

85. Angel Heart promised Plaintiff that Angel Heart would compensate her for valuable services that she provided by paying her the wages owed and promised to her.

86. Angel Heart requested that Plaintiff perform valuable services for its benefit, and knowingly accepted such services, with the full knowledge that Plaintiff performed such valuable services because of Angel Heart's promise to pay her the full compensation agreed upon.

87. In reliance on the representation by Angel Heart that she would be paid the full compensation promised, Plaintiff performed valuable services for Angel Heart and thereby conferred a benefit to Angel Heart.

88. Injustice can only be avoided by enforcing Angel Heart's promise to pay Plaintiff the full compensation owed to her.

89. Angel Heart is liable to Plaintiff for unjust enrichment in the amount of the full compensation owed, interest, and attorneys' fees and costs.

## COUNT VII
### Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11
### (Asserted by Plaintiff against Angel Heart)

90. Angel Heart has acted in bad faith, including, but not limited to, its breach of the employment contract, by failing to pay Plaintiff wages to which she is entitled.

91. In refusing to pay Plaintiff the wages that she is owed, Angel Heart has caused Plaintiff unnecessary trouble and expense.

92. Pursuant to O.C.G.A. § 13-6-11, Angel Heart is liable for Plaintiff's expenses of litigation, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and seeks the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award of all unpaid overtime compensation due under the FLSA to Plaintiff;

d) An award of liquidated damages as a result of Defendants' failure to pay overtime wages to Plaintiff;

e) An award of all unpaid minimum wages due under the FLSA to Plaintiff;

f) An award of liquidated damages as a result of Defendants' failure to pay minimum wages to Plaintiff;

g) With respect to Plaintiff's state-law claims, an award to Plaintiff of all wages due to her;

h) An award of prejudgment and post-judgment interest;

i) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

j) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 22th day of August 2022.

/s/ *Michael D. Forrest*
Michael David Forrest
Georgia Bar No. 974300
Justin M. Scott
Georgia Bar No. 557463
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030

Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff